# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THE LACROIX, L.L.C.** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | |
| | * | **JUDGE** |
| **THOMAS A. CARRERE and** | * | |
| **PMC REALTY, LLC** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The LaCroix, L.L.C. ("LaCroix") brings its complaint against Thomas A. Carrere and PMC Realty, LLC ("PMC").

1.

LaCroix is a limited liability company organized and existing under the laws of Delaware.

2.

In 2015 LaCroix merged with The LaCroix, L.L.C. ("LaCroix Louisiana"), a limited liability company organized under the laws of Louisiana, with LaCroix as the surviving entity, assuming all of the rights and assets of LaCroix Louisiana.

3.

Kathleen White and the 1994 White Family *inter vivos* Class Trust are the members of LaCroix.

4.

Kathleen White is a citizen of Texas.

PD.21669715.1

5.

Kevin Beresford White, Jane Yvonne White and Shaun Forrest White are the trustees of the 1994 White Family *inter vivos* Class Trust.

6.

Trustee Kevin Beresford White is a citizen of Texas.

7.

Trustee Jane Yvonne White is a citizen of Texas.

8.

Trustee Shaun Forrest White is a citizen of New York.

9.

The law deems LaCroix to be a citizen of the following states: (i) Texas, the state of the citizenship of its member Kathleen White and of Kevin Beresford White and Jane Yvonne White, trustees of its member the 1994 White Family *inter vivos* Class Trust; and (ii) New York, the state of the citizenship of Shaun Forrest White, trustee of its member the 1994 White Family *inter vivos* Class Trust).

10.

Thomas A. Carrere is a person of the full age of majority and a domiciliary of the State of Louisiana.

11.

PMC is a limited liability company organized under the laws of Louisiana.

12.

Mr. Carrere is the sole member of PMC.

PD.21669715.1

13.

The law deems PMC to be a citizen of Louisiana, the state of the citizenship of its sole member, Mr. Carrere.

14.

The parties are fully diverse in citizenship.  The plaintiff is a citizen of Texas and New York and the defendants are citizens of Louisiana.

15.

The matter in controversy exceeds $75,000, exclusive of interest and costs.

16.

Under 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction of this action.

17.

Venue is proper in this court under 28 U.S.C. § 1391(b)(1) because Mr. Carrere resides in this judicial district and all of the defendants are residents of Louisiana.  Venue also is proper in this court under 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

18.

Mr. Carrere and PMC each are members of White Oak Realty, LLC ("White Oak").

19.

On July 15, 2014, Mr. Carrere executed a continuing guaranty ("Mr. Carrere's Continuing Guaranty") in favor of Whitney Bank ("Whitney").  LaCroix attaches as Exhibit "A" to this complaint a copy of Mr. Carrere's Continuing Guaranty.

PD.21669715.1

20.

On July 15, 2014, PMC executed a continuing guaranty ("PMC's Continuing Guaranty") in favor of Whitney.  LaCroix attaches as Exhibit "B" to this complaint a copy of PMC's Continuing Guaranty.

21.

By Mr. Carrere's Continuing Guaranty and PMC's Continuing Guaranty, Mr. Carrere and PMC each unconditionally guaranteed that they would pay "any and all indebtedness, obligations and liabilities of any kind of" White Oak and that they would "be bound by all of the terms and conditions of any notes, agreements, or other obligations" that White Oak signed or incurred. Exhibits "A" and "B" at ¶¶ 1 and 2.

22.

On August 31, 2016, White Oak executed a promissory note (the "Promissory Note") in the amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00) payable to the order of Whitney.  LaCroix attaches as Exhibit "C" to this complaint a copy of the Promissory Note.

23.

The Promissory Note calls for payment of principal in one payment on April 18, 2017.

24.

The Promissory Note establishes a variable annual interest rate that Whitney set at 4.00% for the first part of 2017, and at 4.25% as of June 15, 2017.

25.

On May 10, 2017, LaCroix and Whitney executed a notarial act of transfer, endorsement, assignment and subrogation of note and specifically identified item of collateral (the "Assignment").  LaCroix attaches as Exhibit "D" to this complaint a copy of the Assignment.

26.

By the Assignment, Whitney transferred and assigned to LaCroix all of Whitney's rights under the Promissory Note and, among other things, Mr. Carrere's Continuing Guaranty and PMC's Continuing Guaranty.

27.

LaCroix paid to Whitney Four Million Five Hundred Forty Two Thousand Eight Hundred Fifty Three and 12/100 Dollars ($4,542,853.12), representing the principal amount of Four Million Five Hundred Thousand Dollars ($4,500,000.00) and accrued interest, as of May 10, 2017, of Forty Two Thousand Eight Hundred Fifty Three and 12/100 Dollars ($42,853.12).

28.

LaCroix, as the transferee and assignee of Whitney's rights, is the holder in due course of the Promissory Note and all related security, including Mr. Carrere's Continuing Guaranty and PMC's Continuing Guaranty.

29.

LaCroix seeks a judgment in its favor and against Mr. Carrere and PMC as follows: Two Million Two Hundred Seventy One Thousand Four Hundred Twenty Six and 56/100 Dollars ($2,271,426.56), representing one-half of the principal amount of White Oak's debt and one-half of the accrued interest as of the date of the Assignment, interest in the amount of Nine Thousand Dollars ($9,000.00) for the period from May 10, 2017, the date of the Assignment, until June 14, 2017, plus interest in the amount of Two Hundred Sixty Five and 62/100 Dollars ($265.62) per day from June 15, 2017, until the date of the Court's judgment, and legal interest from the date of the Court's judgment until paid. LaCroix additionally seeks a judgment for its reasonable attorneys' fees in an amount the Court will set and the costs and expenses that it incurs in this action.

WHEREFORE, LaCroix prays that the Court deem as good and sufficient its complaint against Mr. Carrere and PMC and that after the Court conducts due proceedings the Court enter a judgment in its favor and against Mr. Carrere and PMC in the amount of (i) Two Million Two Hundred Seventy One Thousand Four Hundred Twenty Six and 56/100 Dollars ($2,271,426.56), representing one-half of the principal amount of White Oak's debt and one-half of the accrued interest as of the date of the Assignment; (ii) interest in the amount of Nine Thousand Dollars ($9,000.00) for the period from May 10, 2017, the date of the Assignment, until June 14. 2017; (iii) interest in the amount of Two Hundred Sixty Five and 62/100 Dollars ($265.62) per day from June 15, 2017 until the date of the Court's judgment; (iv) legal interest from the date of the Court's judgment until paid; (v) reasonable attorneys' fees in an amount the court will set; and (vi) the costs and expenses that LaCroix incurs in this action.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Bruce V. Schewe*
        Bruce V. Schewe (Bar #11771)
        Dan Zimmerman (Bar #2202)
        365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Facsimile: 504-568-9130
        Email:  scheweb@phelps.com
                  zimmermd@phelps.com

**ATTORNEYS FOR THE LACROIX, L.L.C.**

PD.21669715.1